CHARLOTTE GILLIGAN KASISKI, FORMERLY KNOWN AS CHARLOTTE GILLIGAN, PETITIONER-RESPONDENT AND CROSS-APPELLANT, v. INTERNATIONAL PAPER COMPANY, RESPONDENT-APPELLANT AND CROSS-RESPONDENT.

Argued November 7, 1960—Decided December 5, 1960.

Mr. *John J. Monigan, Jr.,* argued the cause for appellant and cross-respondent (*Messrs. Stryker, Tams and Horner,* attorneys; *Mr. Monigan,* of counsel; *Mr. Howard G. Wachenfeld,* on the brief).

Mr. *Louis Winer* argued the cause for respondent and cross-appellant.

PER CURIAM. These appeals, certified on application of the appellant while pending in the Appellate Division (*R. R.* 1:10–1A), concern the reasonableness of an attorney's fee allowed by the Morris County Court to petitioner, pursuant to *R. R.* 5:2–5(*f*), for services rendered on appeals in a workmen's compensation action in the County Court, the Appellate Division and this court.

The compensation claim was for dependency benefits as a result of the employee's death caused by the rupture of a congenital cerebral aneurysm. Such a rupture may come naturally or be brought about by some extrinsic agency. He had been found unconscious near his machine. The collapse was unwitnessed. It was petitioner's thesis that the inhalation of dust occasioned by the dumping of raw materials into the machine caused the employee to cough, and that in turn precipitated the rupture. The problem in the case was the availability and sufficiency of legal proof to sustain a finding that there was dust in the air, that the employee had inhaled it and that he had coughed as a result. There was adequate medical evidence that if such had occurred, death was causally related thereto and so work-connected.

Petitioner was ultimately successful in this court following protracted litigation including two remands by us for the taking of further testimony in the Division of Workmen's Compensation along lines outlined in our opinions. Initially petitioner had received an award in the Division which was reversed by the County Court and the reversal affirmed by the Appellate Division in an unreported opinion. Petitioner sought certification which was granted and the case simultaneously remanded without argument to supplement the record by further testimony taken at the administrative level concerning the existence of dust. 21 *N. J.* 557 (1956). Thereafter the matter came on for argument here on the supplemented record which established the presence of dust. A reversal of the Appellate Division resulted, with another remand to the Division suggesting further inquiry into the source, and so the admissibility, of a statement in the hos-

pital record reciting a coughing spell while at work, since petitioner's proofs were otherwise insufficient as to this element. 24 *N. J.* 230 (1957). Following the rehearing, the Division again gave judgment for the petitioner, which was affirmed by the County Court. The Appellate Division reversed on the employer's appeal, one judge dissenting. 58 *N. J. Super.* 353 (1959). Petitioner appealed and we reversed the Appellate Division for the reasons given in the dissenting opinion, thereby finding petitioner had finally established her case. 31 *N. J.* 267 (1959).

The dependency benefits awarded approximate $27,000, assuming that two minor children live to the maximum age. The widow (petitioner) has already remarried. Petitioner's counsel sought $35,000 for his services, which amounts to $5,000 for each of the seven appellate proceedings. The County Court judge, who had had no previous connection with the case, allowed $20,000 and assessed the entire amount against the employer. The latter appealed, asserting the amount to be excessive and, in any event, that a portion should be assessed against petitioner. Her cross-appeal claims that the fee allowed is inadequate.

Our study of the papers in support of the application, in the light of our intimate knowledge of the issues and services involved in the appeals, convinces us that the allowance exceeds the bounds of reasonableness. Among other considerations, it is to be noted that the legal and factual issues remained the same throughout the course of the litigation and there was considerable repetition and duplication of work. The problem involved was such as to justify the vigorous contest made by the employer and appeals taken by it were not frivolous. We are of the opinion that $12,500 is reasonable and adequate compensation for the appellate services on petitioner's behalf. (Her counsel has also been allowed $3,000 for his trial services in the Division, payable $2100 by the employer and $900 by petitioner. *N. J. S. A.* 34:15–64). We further believe that under the circumstances this entire amount should be assessed against the employer.

This makes it unnecessary to pass on the question of whether a counsel fee for appellate services under *R. R.* 5:2–5(*f*) may properly be apportioned between the parties.

The judgment of the County Court is modified accordingly. No costs on this appeal to either party.

*For modification*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.